**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYMERE PARKER,<br>　　Petitioner, | : | |
| | : | |
| | : | |
| 　　　　v. | : | **CIVIL ACTION NO. 26-CV-0837** |
| | : | |
| COMMONWEALTH OF<br>PENNSYLVANIA, | : | |
| | : | |
| 　　Respondent. | : | |

**<u>MEMORANDUM</u>**

**SCHMEHL, J.**　　　　　　　　　　　　　　　　　　　　　**FEBRUARY 17, 2026**

　　*Pro se* Petitioner Tymere Parker, a state prisoner, has filed a typewritten Petition for *Habeas Corpus* Relief under 28 U.S.C. § 2241 (ECF No. 1) ("Petition").[1]  As explained below, because *pro se* prisoner *habeas* petitions must be submitted on the Court's required forms, and because the Court cannot discern Parker's actual intent in submitting this Petition, the Court will provide Parker with the Court's current standard forms for filing *habeas* petitions under 28 U.S.C. § 2241 and 28 U.S.C. § 2254, which include detailed instructions.  Parker will be directed either (1) to read and consider the instructions carefully, to choose one of these two forms, to complete it fully, and to file it in order to continue to pursue this case, or (2) to voluntarily dismiss this action.

---

　　[1] As required, the Court liberally interprets Parker's *habeas* Petition.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

　　There are images of a prison cash slip included along with the Petition; it appears Parker submitted it along with the Petition.  Petition at 7-8.  It  indicates that Parker requested that the institution send a check for the $5.00 *habeas* filing fee on January 17, 2026, when he submitted the Petition for mailing.  *Id.*  The slip includes a stamp indicating it was received that same day.  As of this writing, however, the $5 filing fee has not yet arrived.  The Court will assume for now that the funds will eventually arrive.  Thus, and in line with the Court's obligation to interpret this *pro se* matter liberally, the Court will not yet order Parker to either pay the $5 filing fee or to file an application to proceed *in forma pauperis*.

1

Parker, an inmate serving a lengthy sentence at SCI Huntingdon for third-degree murder,[2] has submitted his Petition on an apparently prisoner-created and duplicated form with pre-typed content. This generic form has been used recently by other prisoners from SCI Huntingdon. The only differences between Parker's Petition and the others are his handwritten insertions in the blanks provided for his name, inmate number, date, and signature. This submission, docketed as "Petition for Writ of *Habeas Corpu*s," is titled "Petition for Emergency and Expedited *Habeas Corpus* Relief." Petition at 1. However, nothing in it purports to allege an emergency, justifies expedited relief, or supports its consideration as a preliminary injunction. *See* Fed. R. Civ. P. 65 (standards for emergency relief in temporary restraining orders and preliminary injunctions); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) (stating that the standards for both are the same); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (explaining that the movant has the burden to make a clear showing that such an extraordinary and drastic remedy is justified); *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (summarizing standards: movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

The function of preliminary injunctive relief is to preserve the *status quo* pending the eventual determination of the action on the merits. *See Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (collecting cases). Because Parker is already in prison and seeks release, preserving the *status quo* means keeping him in prison, not expediting his release. He makes no showing by this form Petition that he is entitled to emergency or expedited relief. Parker

---

[2] *See Commonwealth v. Parker*, CP-46-CR-0002187-2022 (C.P. Montgomery). *See also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (permitting the Court to take judicial notice of facts reflected in publicly available state court records).

includes the words "emergency and expedited" in the title and text of the Petition but nowhere attempts to demonstrate why or how its novel, abstract assertions meet these standards. The Court finds Parker has not met his burden. There is no emergency and no need for expedited relief. Thus, the Court considers the Petition in due course and in the usual fashion.

Moreover, the form Petition is self-contradictory and unclear. It states that Parker is not challenging his conviction and sentence and asserts that the provisions of AEDPA[3] therefore do not apply. (Petition at 1-2.) Consistent with this, Parker fails to articulate any *habeas* claim for relief, despite its ostensible status as a *habeas* Petition. Although Parker seeks his release, as well as that of all other state inmates, his Petition articulates no clear reason for any relief. If any claim is stated at all, as far as the Court can ascertain, it is an implicit one based on a novel argument that the federal role in state finances has had some unstated effect.

Specifically, in the form Petition, Parker asserts in conclusory terms that Pennsylvania correctional officers have been federalized. (Petition at 2.) Citing and discussing a mix of case law, statutes, and other provisions concerning *habeas* and federal financial support to states, Parker asserts in the form Petition that federal financial incentives have had a coercive effect, resulting in changes to state law nationwide, and that state correctional officers now enforce state law "pursuant to federalized, militarized and privatized federal regulatory programs." (Petition at 2-3.) Parker fails to explain how this supposedly entitles him to *habeas* relief. Instead, he simply concludes that all state prisoners, including himself, are entitled to release from prison. *Id.* Because the nature of this "fill in the blanks" form Petition and Parker's personal intentions in

_____

[3] The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), amending, *inter alia*, the federal *habeas* statute at 28 U.S.C. §§ 2241 *et seq.*, effective April 24, 1996 ("AEDPA").

filing it are unclear, Parker must resubmit a petition on one of the Court's required forms or withdraw this action voluntarily.

The Court notes that the Petition Parker has filled out and signed asserts that it seeks relief under Section 2241. Section 2241 authorizes a federal court to issue a writ of *habeas corpus* to a state pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." *Moore v. DeYoung*, 515 F.2d 437, 442 n.2 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). For state prisoners like Parker, however, *habeas corpus* relief from a federal court is substantially a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 60 (1967); 28 U.S.C. § 2254. As far as the Court can ascertain from the state-court records, Parker is not a pretrial detainee. Instead, having been convicted, Parker is in custody "pursuant to the judgment of a State court," and therefore, 28 U.S.C. § 2254 is the proper vehicle for any *habeas* claims he might seek to bring. *See* 28 U.S.C. § 2254(a); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001).

Even if *pro se*, "[a] *habeas corpus* petitioner bears the burden of demonstrating that he has met the prerequisites for relief, including the exhaustion of state remedies." *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987) (citing *Brown v. Cuyler,* 669 F.2d 155, 158 (3d Cir.1982)). Local Civil Rule 9.3 obligates *habeas* petitioners to use this Court's standard form petition, which calls for answers to questions about those prerequisites. While *pro se* pleadings are afforded liberal construction, *see Erickson*, 551 U.S. at 94, and while a *habeas* petitioner is not necessarily obligated to place his answers directly on the form itself, he is obliged to "substantially comply" with the "standard form" under Rule 3 of the Habeas Rules and Local Civil Rule 9.3(b). The form Petition that Parker has filed does not substantially comply with the standard form.

Parker is warned that there are serious consequences of filing a *habeas* petition, which are explained in the Court's forms. The Court will provide Parker with the appropriate forms and

direct him to review the instructions carefully and to return only one of them or to withdraw this action.  An appropriate Order follows.

**BY THE COURT:**

*/s/ Jeffery L. Schmehl*
**JEFFREY L. SCHMEHL, J.**